**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2668
_____

DONOVAN ESTURADO ESTRADA-GRAJEDA,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(BIA-1: A205 495 347)
Immigration Judge: Irma Lopez Defillo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 22, 2018

Before: SMITH, *Chief Judge*, HARDIMAN, and BIBAS, *Circuit Judges*

(Opinion Filed: April 19, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

BIBAS, *Circuit Judge*.

Donovan Esturado Estrada-Grajeda, an illegal alien, seeks withholding and deferral of removal. He alleges that if he is removed to Guatemala, he will likely use heroin again and thus be kidnapped and forced into torturous drug treatment. But he did not prove that his projected future drug habit is immutable. Nor did he prove a causal nexus between his past, present, or future drug use and persecution or torture. So we will deny his petition for review.

## I.

Estrada-Grajeda is a native and citizen of Guatemala. He and his parents entered the United States illegally in 1994 and have stayed since then. He testified that he is a heroin addict who began using heroin seven years ago. He admitted that, to fund his heroin habit, he turned to theft. In 2013, he was arrested for criminal mischief and put into removal proceedings. While those proceedings were pending, he was arrested three more times and convicted of two counts of felony theft.

Estrada-Grajeda conceded that he is removable. But he claimed that he is entitled to both withholding of removal and protection under the Convention Against Torture. For withholding of removal, he claimed to be a member of the proposed social group of "drug addicts in Guatemala." AR 113. Both claims rest on his prediction that, if he is sent back to Guatemala, he will likely use drugs again and steal to support his habit. So, he predicted, he will be arrested or kidnapped and forced into an abusive, torturous drug treatment center.

The Immigration Judge held an evidentiary hearing. Estrada-Grajeda testified that he had stopped using drugs while in jail for the last six months. And outside of jail, he had

2

stayed clean two or three times, for up to a month or two. He predicted that, if removed to Guatemala, "I'm not sure," but "I [will] probably relapse, do drugs," "probably start stealing or something" to buy drugs, and so "probably get picked up by the police." AR 202-03. He also predicted that, if released in the United States, he would "most likely" start using heroin again, "but my goal is not to, to find a way to control it to better myself." AR 200. He repeatedly testified that he wants to stop using drugs, "do[es]n't plan on" using drugs if he is released, and plans to seek treatment and counseling. AR 229. He admitted that he had managed to hide his drug use from his mother and ex-girlfriend for years, even while they lived together. His ex-girlfriend confirmed that fact.

Estrada-Grajeda has family support. As his sister testified, in Guatemala he has an uncle who previously used drugs but stopped, as well as a grandmother. If he is removed to Guatemala, his sister stated, his family will try to send him money to pay for drug treatment and has the money to do so.

Estrada-Grajeda submitted documentary evidence about Guatemalan drug treatment. There are dozens of registered rehab centers, as well as a national mental health hospital. But there are also a few hundred so-called Pentecostal treatment centers. These effectively unregulated centers are often dirty, abusive, and dangerous. Many inpatients "have been put there by their families." AR 368. Many if not most unregulated rehab centers also use "hunting parties" to kidnap "those [who are] too high or too drunk to resist," looking in particular for recent deportees. *Id.*

Estrada-Grajeda also introduced a report from the National Institute on Drug Abuse detailing how drug use affects the brain. As the report explained, many recovering addicts

3

relapse in response to stress. While the Institute considers it a disease, "[a]ddiction is a treatable disease" that "can be managed successfully" and can sometimes but "not always" be cured. AR 502. The relapse rate for users who need and enter drug treatment ranges from 40% to 60%. AR 503. Continued drug use makes quitting harder, in part because drug use may change parts of the brain that govern self-control. Estrada-Grajeda also submitted evidence that drug courts, by using "sanctions and incentives," induce past users to stop using drugs. AR 519.

The Immigration Judge denied withholding of removal and rejected Estrada-Grajeda's torture claim. On withholding of removal, she began by noting that he had not suffered past persecution, so he bore the burden of persuasion.

The Judge held that drug addicts in Guatemala do not qualify as a particular social group. Drug addiction, she held, is not immutable. As the Judge acknowledged, quitting may require family support and medical, religious, or other rehab. But judges cannot say "there is no light at the end of the tunnel." AR 118. "Rehabilitation is possible." *Id.*

Even if Guatemalan drug addicts did qualify as a particular social group, the Judge held, Estrada-Grajeda did not prove a causal nexus between membership in that group and future persecution. She specifically found that he has the determination, the family support, the resources, and the access to non-torturous treatment needed to kick his heroin habit. Any threats would likely stem from general gang violence, "but general strife suffered by many is not persecution." AR 122. For the same reasons, the Judge rejected Estrada-Grajeda's Convention Against Torture claim. One can only "speculate," she held, whether he will resume using drugs, be detected, be arrested or kidnapped, and be tortured. AR 122-23.

4

On appeal, the Board of Immigration Appeals adopted the Judge's findings and reasoning. Estrada-Grajeda, it held, had not borne his burden of proof. Drug addiction, it found, is not immutable, and he had not proven a nexus to the harms he fears. The Board also concurred with the Judge that Estrada-Grajeda's fear of torture "was simply too speculative." AR 4.

## II.

We review the Board's final order of removal under 8 U.S.C. § 1252(a)(1). Because the Board affirmed for the reasons given by the Immigration Judge, our review extends beyond the Board's final order to the Judge's decision "to the extent that the [Board] adopted or deferred to the [Judge's] analysis." *Chen v. Att'y Gen.*, 676 F.3d 112, 114 (3d Cir. 2011). We defer to the Judge's and Board's factual findings under the substantial-evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## III.

### A.  No Persecution as Member of Particular Social Group.

"[T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, *membership in a particular social group*, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (emphasis added). Under the canons *ejusdem generis* and *noscitur a sociis*, one must read the vague phrase "particular social group" as akin to the more specific categories surrounding it. For a proposed group to be akin to the other protected statutory classes, "all of [the group members must] share a common, immutable

5

characteristic." *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (BIA 1985). We have deferred to that construction. *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). And the parties accept it here.

Estrada-Grajeda sought withholding of removal as a member of the proposed social group of drug addicts in Guatemala. He neither claimed nor proved past persecution. So he bore the burden of proving that it is more likely than not that, if returned to Guatemala, his life or freedom would be threatened. *Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir. 2003); 8 C.F.R. § 1208.16(b)(2). He also had to prove that this persecution would be "because of" his group membership—the nexus requirement. 8 U.S.C. § 1231(b)(3)(A); *see also Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684-85 (3d Cir. 2015) (requiring applicant to prove that his group membership "is one central reason why he was or will be targeted for persecution") (internal quotation marks omitted). Immutability and nexus are both contested. Neither is proven here.

1. *Estrada-Grajeda's Drug Addiction Is Not Immutable.* An immutable characteristic is one that is either (a) innate, like "sex, color, or kinship ties"; (b) a past experience; or (c) "fundamental to [group members'] individual identities or consciences," so they should not have to change it. *Fatin*, 12 F.3d at 1239-40 (quoting *Acosta*, 19 I. & N. Dec. at 233); *see also Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237-38 (BIA 2014) (defining immutable characteristics as ones that are either "virtually impossible" to change or that are "fundamental to the members' identities or consciences"). Estrada-Grajeda does not claim that drug addiction is fundamental to his identity or conscience, or is simply a matter of past experience.

6

Rather, Estrada-Grajeda's claim is that drug addiction is innate. Thus, he emphasizes that addiction is a "chronic, relapsing brain disease that is characterized by compulsive drug seeking and use." AR 482. Past drug use has changed addicts' brains, instilling powerful cravings that are very hard to resist. The stress of being deported to Guatemala, a country he barely knows, will only make matters worse. The result, he argues, is that he will "probably relapse," use drugs again, and so be persecuted. AR 202.

Estrada-Grajeda's argument conflates the past, the present, and the future. In places in his brief, he seems to define an addict in part as a *past* habitual user of drugs. His past use is immutable, but he does not claim that his social group includes all past addicts. In places, he seems to define addiction in terms of *present* brain states and cravings. His present brain status and cravings may perhaps be immutable as well, but his proposed group does not turn on brains or cravings either. His Guatemalan uncle used to be an addict and presumably has an addict's brain and cravings, but is now clean and not persecuted. The linchpin of group membership is Estrada-Grajeda's projected *future* drug habit once he returns to Guatemala. But his future habit is not immutable. *See Powell v. Texas*, 392 U.S. 514, 533-35 (1968).

The Judge and Board properly rejected immutability based on the factual record below. Estrada-Grajeda did not compulsively use drugs when he was around his live-in ex-girlfriend or mother. He has gone without drugs for a month or two at a time, and did not use drugs during his six months in jail. The Judge acknowledged that his cravings were strong and that overcoming them would be hard. But "he now really has come to terms

7

with his problem," "has realized that he needs treatment," and is "adamant" that he is going to change. AR 117.

As the National Institute on Drug Abuse reports, after treatment, 40% to 60% of drug addicts who need and get rehab avoid relapsing. AR 503. When addicts and their families seek treatment, they fervently hope and pray for the strength to overcome the scourge of drug addiction. And many addicts succeed in rehab. The Judge would not deny these hopes and insist that "there is no light at the end of the tunnel." AR 118. Neither will we. Change is hard work and far from certain. But "[r]ehabilitation is possible." *Id.*

2. *Estrada-Grajeda Has Not Proven a Causal Nexus Between Drug Use or Addiction and Persecution.* Even if drug addiction were immutable, he has not proven that being a drug addict will cause persecution. He has neither alleged nor proven that anyone is persecuted in Guatemala because of past use or present brain states or cravings. He never suggests, for instance, that his Guatemalan uncle has faced any persecution since his rehabilitation.

Nor has Estrada-Grajeda proven that he will be persecuted because he will use drugs in the future. The Judge found that he has the insight, determination, family support, financial resources, and access to facilities needed for rehab. And Estrada-Grajeda further errs in tying his drug use to his expectation that he will "probably start stealing or something" to fund his drug habit and so will "probably get picked up by the police" and forced into rehab. AR 202-03. "We assume that [people] will conduct their activities within the law and so avoid prosecution and conviction …." *O'Shea v. Littleton*, 414 U.S. 488, 497

8

(1974).  Thus, both the Judge and Board properly found that Estrada-Grajeda had not borne his burden of proving a causal nexus between group membership and persecution.

## B.  Estrada-Grajeda Cannot Prove Torture.

Estrada-Grajeda's Convention Against Torture claim likewise fails.  The Judge and Board held that it was too speculative that Estrada-Grajeda will relapse, be arrested by police or kidnapped by a hunting party, be forced into unregulated rehab, and be beaten and tortured.  As they correctly found, his torture claim is "based on a chain of assumptions and a fear of what might happen, rather than evidence that meets his burden of demonstrating that it is *more likely than not* that he will be subjected to torture by, or with the acquiescence of, a public official."  *Denis v. Att'y Gen.*, 633 F.3d 201, 218 (3d Cir. 2011) (internal quotation marks and brackets omitted).

The Judge made specific factual findings that foreclose this claim:  Estrada-Grajeda wants to stop using drugs and did not use them for six months before the hearing.  Despite his cravings, he avoided using drugs around his live-in ex-girlfriend and mother, hiding his habit from them for years.  His family is supportive and will send him money to pay for treatment.  His Guatemalan uncle no longer uses drugs, and there is no record evidence that he has been kidnapped and forced into unregulated rehab, let alone tortured.  And Estrada-Grajeda offered no evidence of the proportion of native or deported drug users who are kidnapped and tortured.  The 200 or so unregulated centers hold a total of about 6,000 people, compared with 50,000 Guatemalans who were deported from the United States in 2014 alone and a total Guatemalan population of more than 16 million.  So Estrada-Grajeda cannot show that he will more likely than not fail rehab, resume using drugs, do so publicly,

9

be arrested or kidnapped, be forced into one of the limited number of unregulated treatment spots, and suffer torture. His torture claim thus fails.

As explained, both of Estrada-Grajeda's claims fail on other grounds. So we need not consider another possible barrier to his claims—whether and how the withholding-of-removal statute and Convention Against Torture should be read *in pari materia* with a different provision of the Immigration and Nationality Act: "Any alien who is, or at any time after admission has been, a drug abuser or addict is deportable." 8 U.S.C. § 1227(a)(2)(B)(ii).

\* \* \* \* \*

Estrada-Grajeda craves heroin, but he has also been clean for periods of time. He has not borne his burden of proving that, if removed to Guatemala, he will more likely than not be persecuted or tortured. The record shows that he has the determination to quit, the family support, the funds, and the access to rehab, and that rehab can succeed. The Judge and Board properly found that his drug addiction is not immutable and that he has not proven a nexus to persecution or a likelihood of torture. So we will deny his petition for review.